IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WILLIAM MCKINLEY JACKSON BAILEY,**

       **Petitioner,**

v.                                  **Case No.:  1:14-cv-7348**

**BART MASTERS, Warden,
FCI-McDowell,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No 2), and Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having carefully reviewed Petitioner's filings, the undersigned **FINDS** that Petitioner fails to state a claim for relief cognizable under 28 U.S.C. § 2241. Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Application to Proceed Without Prepayment of Fees and Costs; construe the petition for habeas relief as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), then **DISMISS** the complaint as moot; and **REMOVE** this action from the docket of the Court.

I.    **Relevant Procedural Background**

On March 25, 1999, Petitioner William McKinley Jackson Bailey ("Bailey") was sentenced to twenty years' imprisonment by the United States District Court for the Western District of Virginia, after having been convicted of conspiracy to distribute crack cocaine. (ECF No. 2 at 1).[1] On February 4, 2014, while incarcerated at FCI McDowell, Bailey filed the instant action under 28 U.S.C. § 2241, asserting a variety of complaints arising from his treatment at FCI McDowell, and seeking transfer to a "low institution" where he would be able to work, earn money, and participate in a substance abuse program. (ECF No. 2 at 8). In addition, Bailey asked that various employees of the correctional facility be reprimanded, that inmates in the Special Housing Unit have access to the library, and that an audit of the facility be performed. (*Id.*).

On March 17, 2014, the undersigned issued an Order advising Bailey that the claims contained in his petition pertained primarily to the conditions of his confinement, rather than the execution of his sentence. (ECF No. 4). Consequently, his claims were properly brought in a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), rather than in a petition for a writ of habeas corpus. (*Id.*). The proper forms for institution of a *Bivens* action were sent to Bailey, and he was instructed to submit the completed paperwork, or risk a recommendation that his petition be denied for failure to state a cognizable habeas claim.

Bailey never filed the proper paperwork. However, on February 27, 2015, the Virginia District Court entered an Order pursuant to 18 U.S.C. § 3582(c)(2), granting Bailey

---

[1] Also, *United States v. William McKinley Jackson Bailey*, 5:98-cr-3001-02, United States District Court for the Western District of Virginia, at ECF No. 210.

a sentence reduction to time served, to be effective November 1, 2015.[2] At some point thereafter, Bailey was transferred to the Washington, D.C. Residential Reentry Management Field Office. Accordingly, he is no longer incarcerated at FCI McDowell.

## II.   Discussion

A review of Bailey's petition and its attachments reveals that his claims are based entirely upon the conditions of his confinement at FCI McDowell. In particular, Bailey complained that he was transferred from the general prison population to the Special Housing Unit, without justification and in retaliation for his complaints. (ECF No. 2-1 at 1-2). He further contended that numerous written grievances he had filed, and follow-up e-mails he had sent, were either ignored, or rejected without a sufficient basis. (*Id.*). Lastly, Bailey alleged that the FCI McDowell staff was neglecting its duty to prepare him for re-entry into society. (ECF No. 2-2 at 2-3). According to Bailey, he had spent over seventeen years in prison, and with an upcoming release date in 2016, he needed to be transferred to a facility that could offer him training and an opportunity to earn money. (*Id.*)

A petition for habeas relief under 28 U.S.C. § 2241 is appropriate when an inmate challenges the fact or length of his confinement, or the manner in which the sentence is executed. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000) (holding that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court"); *and Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (stating that when an inmate "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

---

[2] *United States v. Bailey*, 5:98-cr-3001-02, at ECF No. 235.

imprisonment, his sole federal remedy is a writ of habeas corpus.") On the other hand, in this circuit, a section 2241 petition is not the proper device by which an inmate may challenge the conditions of his confinement. *Hawkins v. Perdue,* No. 1:13CV214, 2014 WL 1962216, at *2 (N.D.W.Va. May 15, 2014) ("Nevertheless, district courts within this circuit have staked out their place on the spectrum by demonstrating a consistent reluctance to permit prisoners challenging the conditions of their confinement to proceed under § 2241.") (citing *Warman v. Philips,* No. 1:08CV217, 2009 WL 2705833, *3 (N.D.W.Va., Aug. 25, 2009)); *see also Preiser,* 411 U.S. at 499 (reaffirming that a civil rights action "is a proper remedy for a [] prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody"). Accordingly, the undersigned **FINDS** that Bailey's petition is properly construed as a *Bivens* action. *See Ajaj v. Smith*, 108 F.App'x 743, 744 (4th Cir. 2004).

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569

4

F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa*, 507 F.3d at 287. Here, Bailey sought only equitable relief in his petition; therefore, his transfer out of FCI McDowell mooted his claims about the conditions of confinement at that correctional facility. *Ajaj,* 108 F.App'x at 744 (citing *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir. 1991)).

Nevertheless, Bailey's action should not be dismissed as moot if there is sufficient evidence to conclude that his claims are "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Under this exception to the mootness doctrine, a complaint that would otherwise be moot may be subject to judicial review when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Lane v. Williams,* 455 U.S. 624, 634, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)); *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). Therefore, to qualify under the exception, Bailey must make a reasonable showing that he will "be subjected to the same action again." *Lane,* 455

5

U.S. at 634. Mere conjecture that Bailey may return to FCI McDowell and again face the alleged wrongs is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996).

In this case, Bailey is no longer incarcerated at FCI McDowell and is in the custody of a Residential Reentry Management Field Office waiting for his release in 2016. Thus, there is nothing in the record to indicate that Bailey will ever be subject to the same objectionable treatment he alleged in his pleading. For that reason, the undersigned **FINDS** that (1) Bailey's transfer from FCI McDowell renders his request for relief moot and (2) the current circumstances do not suggest that Bailey's claims falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED**, that his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be construed as a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and be **DISMISSED**, with prejudice as moot, (ECF No. 2), and that this action be **REMOVED** from the docket of the court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this

"Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** October 8, 2015

Cheryl A. Eifert
United States Magistrate Judge