```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

WILLIAM MCKINLEY JACKSON BAILEY,

    Petitioner,

v.                                      Civil Action No: 1:14-07348

BART MASTERS,
Warden

    Respondent.


### MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's petition for a writ of habeas corpus, (Doc. No. 2), and his application to proceed without prepayment of fees and costs. (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation on October 8, 2015, in which she recommended that the district court deny petitioner's application to proceed without prepayment of fees and costs, construe his § 2241 petition for a writ of habeas corpus as a civil rights action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), dismiss it as moot, and remove this matter from the court's docket. (Doc. No. 5 at 6).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure to file such objections constitutes a waiver of the right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

Petitioner failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendation contained therein.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

The court hereby **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** petitioner's application to proceed without prepayment of fees and costs, (Doc. No. 1), construes petitioner's petition for a writ of habeas corpus as a civil rights action and **DISMISSES** it as moot, (Doc. No. 2), and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

It is **SO ORDERED** this 9th day of November, 2015.

                                        ENTER:

                                        David A. Faber
                                        Senior United States District Judge